UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CODY WILLARD,<br><br>                Plaintiff,<br><br>vs.<br><br>OFFICER RANSOM, SERGEANT BONGIOVI, WARDEN CHRISTENSEN, et al.,<br><br>                Defendants. | Case No. 1:21-cv-00159-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Cody Willard was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed.

### REVIEW OF COMPLAINT

1. **Factual Allegations**

On or about October 19, 2020, Defendant Officer Ransom allegedly purposely or recklessly opened Plaintiff's cell door and allowed inmate Wilson to enter and stab and beat Plaintiff. Wilson's assault on Plaintiff caused three stab wounds, a broken hand, a neck injury, and continuing psychological and emotional injury.

Plaintiff asserts federal civil rights and state law negligence claims. He seeks

monetary damages and injunctive relief.

2. **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must provide facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs. "[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id.* at 837.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under the Eighth Amendment through § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

3. **Discussion of Federal Claims**

   A. *Defendant Ransom*

Plaintiff alleges that Defendant Ransom either purposely or recklessly opened Plaintiff's cell door at the request of inmate Wilson, which led to the assault and injury of Plaintiff. He asserts that Defendant Ransom should not have let another inmate into Plaintiff's cell because Plaintiff was housed in the protective custody unit for exactly that purpose—protection from other inmates. Plaintiff has stated sufficient allegations to proceed against Officer Ransom on Eighth Amendment individual capacity claims.

B. *Defendant Christensen*

i. **Individual Capacity Claims for Monetary Damages**

Defendant Christensen was warden of the Idaho State Correctional Center (ISCC), where Plaintiff was housed when he was attacked. There are no allegations in the Complaint showing that the warden knew of or personally participated in the conditions that led to the attack. Plaintiff's vague statement that the warden knew that other attacks had occurred in the protective custody unit is insufficient. Plaintiff cannot proceed against him in his personal capacity at this time.

Should Plaintiff discover facts showing that the warden personally participated in the situation, amounting to a failure to protect Plaintiff from the assault, then Plaintiff may file a motion to amend his complaint, along with a proposed amended complaint that sets forth those allegations. The standard of law for stating a claim regarding supervisory officials was set forth in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A supervisory defendant may be held liable under § 1983 if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id*. at 1207. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1207-08 (internal quotations and punctuation omitted). Any amended complaint must

contain facts, not simply a restatement of the standard of law, such as Plaintiff's vague statement that the warden "has allowed assaults of this nature to happened due to a failure to train his staff." Dkt. 3, p. 3.

### ii.   Official Capacity Claims for Injunctive Relief

Plaintiff also seeks injunctive relief from Warden Christensen. The standard of law for an injunctive relief request is different from the standard set forth above, because it is considered a claim against the entity employing the defendant, not the defendant himself. A plaintiff may name as defendants officials who have direct responsibility in the area in which the plaintiff seeks injunctive relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

Prospective relief in a prison conditions lawsuit is limited by statute. The term "prospective relief" is defined as "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). Particularly, 18 U.S.C. § 3626(a)(1)(A) limits such relief as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Plaintiff seeks "an injunction against the IDOC for failure to protect in P.C." and

"an injunction which acts to supervise the P.C. Units." Dkt. 3, pp. 3-4. These are appropriate requests, and Plaintiff may proceed against Warden Christensen in his official capacity for injunctive relief only, so long as Plaintiff continues to be housed in the Warden's facility.

### C. *Defendant Sergeant Bongiovi*

Defendant Bongiovi was the sergeant in charge of Plaintiff's housing unit at the time of Plaintiff's injuries. Plaintiff alleges that he had previous problems with the inmate who attacked him, and Defendant Bongiovi, the supervisor of the housing unit, failed to place a safety alert in Plaintiff's file to keep the two inmates apart, and failed to ensure that inmates in the protective custody unit were kept safe from other inmates' attacks.

Plaintiff may proceed on these allegations against Defendant Bongiovi in his individual capacity. Plaintiff may proceed on a failure to train theory supervisory theory only if he obtains other facts during discovery showing that Defendant Bongiovi failed to train Defendant Ransom in a manner that had a causal connection to the injuries. There is no respondeat superior liability under § 1983; that is, a supervisor cannot be sued simply because of his or her status as a supervisor. Plaintiff may also proceed against this Defendant for appropriate injunctive relief, if Plaintiff continues to be housed in the protective custody unit.

### 4. Discussion of State Law Claims

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims ordinarily expected to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004). The Court will permit Plaintiff to proceed against Defendant Ransom and Defendant Bongiovi under a state law negligence theory on the same facts.

Plaintiff will need to provide sufficient evidence that he complied with the provisions of the Idaho Tort Claims Act (ITCA), Idaho Code § 6-901, *et seq.*, should Defendants assert that he did not. Idaho Code § 6-905 requires: "All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later."

5. **Conclusion**

Plaintiff may proceed against Defendant Ransom and Defendant Bongiovi in their individual capacities on Eighth Amendment failure to protect and state law negligence claims. He may proceed against Bongiovi and Defendant Christensen in their official

capacities on Eighth Amendment injunctive relief claims. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

6. **Request for Appointment of Counsel**

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff asserts that he has no ability or means to conduct legal research, and that the case may become too complex for him to pursue pro se. To date, Plaintiff has articulated his claims sufficiently. Almost no prisoners have legal training or access to broad legal resources. Plaintiff's primary task in this case is to bring forward *facts* supporting the claims. This Order and any motions for summary judgment contain the elements of the causes of action. Each element needs factual support. Additional factual support can be obtained through the disclosure and discovery procedures.

In an accompanying order, Defendant has been ordered to voluntarily produce to Plaintiff all relevant information and documents to which they have access. Plaintiff may draft simple interrogatories or requests for production to be mailed directly to Defendant's

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

counsel for a response from Defendant if Plaintiff believes he needs further information from Defendant to meet the elements of his case.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendant's defenses and the parties' evidence concerning the facts of the case. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, Plaintiff should continue to attempt to procure his own counsel on a contingency or other basis, if at all possible.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

2. Plaintiff may proceed on the Eighth Amendment claims and state law negligence claims against Defendant Ransom in his individual capacity and Defendant Bongiovi in his individual and official capacities. Plaintiff may proceed against Defendant Warden Christensen in his official capacity for Eighth Amendment injunctive relief claims only.

The personal capacity claims against Warden Christensen are dismissed without prejudice. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[1]

3. Defendant **Officer Ransom, Sergeant Bongiovi,** and **Warden Christensen** shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Dkt. 3), and a copy of this Order, and a Waiver of Service of Summons to the following counsel: **Oscar Klaas**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

5. If Plaintiff receives a notice from Defendant indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional **90 days** from

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading; the amended complaint will replace the original Complaint. Therefore, defendants and claims from the original Complaint that are not included in the amended complaint will no longer be considered part of this case. *See* Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.")

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

the date of such notice to file a notice of physical service addresses of the Defendant, or claims against them may be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8. Dispositive motions must be filed no later than 300 days after entry of this Order.

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate

caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: August 25, 2021

_____
David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13